Mark Deatherage (010208)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone:	(602) 530-8000
Facsimile:	(602) 530-8500
Email:	mmd@gknet.com
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Broadcast Music, Inc.; Stone Diamond Music Corp.; EMI Virgin Songs, Inc. d/b/a EMI Full Nelson Music; Sony/ATV Songs LLC d/b/a Sony/ATV Tree Publishing; House of Cash, Inc.; Songs of Universal, Inc.; EMI Virgin Songs, Inc. d/b/a EMI Longitude Music; Ben Peters Music; Gald Music Co.; Universal-Songs of Polygram International, Inc.; Crudup Music; Unichappel Music Inc., <br><br> Plaintiffs, <br><br> vs. <br><br> Teakwoods Tavern, LLC d/b/a Teakwoods Tavern & Grill, and Cheri Magill, individually, <br><br> Defendants. | Case No. CV 11-02062-PHX-ROS <br><br> **MOTION FOR ENTRY OF DEFAULT JUDGMENT** |

Pursuant to Federal Rule of Civil Procedure 55(b), Plaintiffs move for entry of Default Judgment in this music copyright infringement action against Defendants Teakwoods Tavern, LLC d/b/a Teakwoods Tavern & Grill ("Teakwoods") and Cheri Magill ("Magill"), jointly and severally, including judgment for:

1. A permanent injunction against further infringement (17 U.S.C. § 502);
2. Statutory damages in the amount of $27,000 (17 U.S.C. § 504(c));
3. Costs and reasonable attorneys' fees (17 U.S.C. § 505); and
4. Interest from the date of judgment (28 U.S.C. § 1961).

**I.  THE COMPLAINT, FACTS, AND ENTRY OF DEFAULT.**

Plaintiffs filed their Complaint for infringement of music copyrights on October 21, 2011.  [Doc. 1.]  Both Defendants were served with the Summons and Complaint on November 6, 2011.  [Doc. 6-7.]  When Defendants failed to timely respond to the Complaint by the November 28, 2011 deadline, Plaintiffs filed an Application for Entry of Default.  [Doc. 9.]  On January 13, 2012, the Clerk entered their defaults.  [Doc. 10.]

The Complaint alleges that Plaintiff BMI has been granted the right to license the public performance rights in approximately 7.5 million copyrighted musical compositions (the "BMI repertoire"), including those that are alleged herein to have been infringed (¶ 3), and that the other Plaintiffs are the owners of the copyrights in the musical compositions that were infringed (¶ 4).  These facts are also supported by the Affidavit of Kerri Howland-Kruse, In-House Counsel for BMI, attached as **Exhibit 1** hereto.[1]

The Complaint also alleges that Defendants operate, maintain, control, and have a direct financial interest in Teakwoods Tavern & Grill located at 2808 East Indian School Road, Phoenix, Arizona, 85016, in this district (the "Establishment"), at which musical compositions are publicly performed (¶¶ 16-20), and that Defendants caused to be publicly performed <u>nine</u> musical compositions in the BMI repertoire at the Establishment without a license or permission to do so (¶¶ 22-28), constituting willful copyright infringement (*id.*). The Affidavit of Paul Knipler, Senior Director of Business Affairs for BMI, attached as **Exhibit 2** hereto, further demonstrates that Defendants caused the performance of the subject musical compositions without obtaining a license to do so.

---

[1] Ms. Howland-Kruse's Affidavit also demonstrates that BMI enters into "blanket license agreements" for the performance of songs in the BMI repertoire with various types of establishments like the one operated by Defendants, that BMI is a not-for-profit organization that distributes all of its income to its affiliated songwriters and music publishers (after operating expenses and reasonable reserves), that the musical compositions at issue herein are registered with the U.S. Copyright Office, that the information set forth on Exhibit A to the Complaint is true and correct, and that BMI holds the non-exclusive right to license these songs and to sue for their infringement.

Liability for copyright infringement is established where the defendants default, because "[t]he facts alleged in the pleadings are assumed to be true." Broadcast Music, Inc. v. DeGallo, Inc., 872 F. Supp. 167, 168 (D.N.J. 1995); see also Broadcast Music, Inc. v. R Bar of Manhattan, Inc., 919 F. Supp. 656 (S.D.N.Y. 1996).

**II.    REMEDIES AND RELIEF SOUGHT.**

   **A.    Permanent Injunction.**

17 U.S.C. § 502(a) provides that the Court may grant final injunctions "to prevent or restrain infringement of a copyright." See also Bridgeport Music, Inc. v. Justin Combs Publ'g, 507 F.3d 470, 492 (6th Cir. 2007). As one court stated in a case similar to this:

> A permanent injunction is especially appropriate where a threat of continuing infringement exists . . . The threat of continuing infringement is substantial in the present case. Niro's provided unauthorized performances of copyrighted musical compositions on its premises after receiving oral and written notices of infringement and demands to stop such infringement from BMI. This behavior indicates a willful disregard of copyrights held by BMI and should be permanently enjoined.

Broadcast Music, Inc. v. Niro's Palace, Inc., 619 F. Supp. 958, 963 (N.D. Ill. 1985). Here, where Defendants have continued to willfully violate Plaintiffs' copyrighted musical compositions with no license to do so (as alleged in the Complaint and established in the Knipler Affidavit), a permanent injunction is warranted and necessary.

   **B.    Statutory Damages.**

The Copyright Act empowers a plaintiff to elect to receive an award of statutory damages "in a sum of not less than $750 or more than $30,000" per infringement, in lieu of an award representing the plaintiff's actual damages and/or the defendant(s)' profits. 17 U.S.C. § 504(c)(1). Furthermore, "[i]n a case where the copyright owner sustains the burden of proving . . . that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000" per infringement. 17 U.S.C. § 504(c)(2). Within these statutory limits, the assessment of damages is at the discretion of the court. See F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 231-32 (1952).

Statutory damages are "designed to discourage wrongful conduct . . . and vindicate the statutory policy." *Id.* at 233. "The court's award should be designed to compensate plaintiffs as well as to punish defendant[s]." Prater Music v. Williams, 5 U.S.P.Q.2d 1813, 1816 (W.D. Mo. 1987) (noting also that "If the copyright laws are to have any effect, a judgment against [a] defendant must be appreciably more than the amount he would have had to expend to obtain permission"). Music users should be "put on notice that it costs less to obey the copyright laws than to violate them." Rodgers v. Eighty Four Lumber Co., 623 F. Supp. 889, 892 (W.D. Pa. 1985), quoting Music City Music v. Alfa Foods Ltd., 616 F. Supp. 1001, 1003 (E.D. Va. 1985).

The Court may also augment the amount of statutory damages to reflect the Defendants' degree of culpability. See Wow & Flutter Music v. Len's Tom Jones Tavern, Inc., 606 F. Supp. at 555-57 ("Where a defendant continues to infringe upon copyrights despite repeated warnings, courts have found defendant's conduct to be willful"); Prater Music, supra, 5 U.S.P.Q.2d at 1815; accord Int'l Korwin Corp. v. Kowalczyk, 855 F. 2d. 375 (7th Cir. 1988); Nick-O-Val Music Co. v. P.O.S. Radio, Inc., 656 F. Supp. 826, 829 (M.D. Fla. 1987); Rodgers, 623 F. Supp. at 892.

Paul Knipler's Affidavit details Defendants' knowing and willful infringements. BMI sent Defendants approximately 39 letters from October 2009 through August 2011, which explained the need to obtain and pay for a license and also, later, demanded that Defendants cease and desist infringing on BMI's copyrights. (*Id.* ¶¶ 2-3, 5-6, 12-14 and Exhibit C thereto). His Affidavit also explains that BMI representatives called, visited, and/or spoke with Defendants on many occasions over that same time period to attempt to persuade Defendants of the need to obtain a license. [*Id.* ¶¶ 7-8.] Mr. Knipler's Affidavit confirms that Defendants nevertheless failed and refused to obtain a license. [*Id.* ¶¶ 4, 9.] Finally, Mr. Knipler's Affidavit details and documents the investigation BMI performed that revealed Defendants' infringing public performance of the songs that are at issue in this case at the Establishment on the dates in question, and their continuing infringement of BMI's copyrights over the past three years. [*Id.* ¶¶ 10-12, 15 and Exhibit B thereto.]

This is clearly a situation where the Plaintiffs should be awarded damages well in excess of the statutory minimum. For the nine separate infringements, Plaintiffs request a reasonable total award of $27,000, i.e. $3,000 for each of the nine acts of infringement. In light of Defendants' repeated, continual, and blatant disregard for Plaintiffs' copyrights, such an award is reasonable and justified. Courts considering awards of statutory damages have recognized that awards in the range of $3,000 per infringement are appropriate in cases where the infringement resulted from deliberate indifference toward copyright laws. See Broadcast Music, Inc. v. Entertainment Complex, Inc., 198 F. Supp. 2d 1291 (N.D. Ala. 2002) (awarding plaintiffs $43,000 in total statutory damages; award worked out to $3,909.09 for each of eleven copyright violations); Dream Dealers Music v. Parker, 924 F. Supp. 1146, 1153 (S.D. Ala. 1996) (awarding $5,000 per infringement); Unicity Music, Inc. v. Omni Communications, Inc., 844 F. Supp. 504 (E.D. Ark. 1994) (awarding statutory damages of $2,500 per infringement for unlicensed broadcasts of copyrighted songs, i.e. $50,000 for twenty infringements); Sailor Music v. IML Corp., 867 F. Supp. 565, 570 (E.D. Mich. 1994) (awarding $2,000 per infringement); BMI v. Spring Mount Area Bavarian Resort, Ltd., 555 F. Supp. 2d 537, 544-45 (E.D. Pa. 2008) (awarding $2,000 per infringement in default judgment setting, stating that this amount is just and appropriate considering the length of time defendants were on repeated notice of their infringement, were continually offered an opportunity to terminate the infringement, and opted instead to flatly ignore plaintiffs' attempts to resolve the dispute, and also noting that this amount is at "the low end of the statutory range"); Broadcast Music, Inc. v. Old Colonial Corp., 62 U.S.P.Q.2d 1685 (D. Mass. 2002) (awarding $2,200 for each of twelve acts of copyright infringement).[2]

---

[2] The awards in some of these cases were entered in accordance with earlier versions of the statutory damages provision, which contained statutory damage ranges that were lower than the current statutory range of $750 to $30,000 per infringement (and up to $150,000 for willful infringements). Presumably, the awards in some of these cited cases would have been higher if the current version of the statute had been in effect.

5

### C.  Costs and Attorneys' Fees.

The "court may also award a reasonable attorneys' fee to the prevailing party." 17 U.S.C. § 505. Consistent with the purpose of the Copyright Act, courts routinely award attorneys' fees to plaintiffs. See BMI v. Triple L Vending, Inc., 5 U.S.P.Q.2d 1346, 1349-52 (W.D. Tex. 1987); Broadcast Music, Inc. v. Fox Amusement Co., 551 F. Supp. 104 (N.D. Ill. 1982) (explaining basis for awarding BMI its full attorneys' fees); Milene Music, Inc. v. Gotauco, 551 F. Supp. 1288, 1297 (D.R.I. 1982) (awarding plaintiff its full fee request, finding with "little hesitancy" that it was "eminently fair").[3]

Plaintiffs request attorneys fees in the amount of **$6,094.50**. [Affidavit of Mark Deatherage, and itemized statement of fees, **Exhibits 3 and 4** hereto.] Those documents demonstrate the reasonableness of a fee award in that amount.

The Copyright Act also expressly provides that the court "in its discretion may allow the recovery of full costs by or against any party . . . " 17 U.S.C. § 505. Under this provision, courts have allowed full recovery by the prevailing party of its reasonable costs. See Milene Music, Inc. v. Gotauco, 551 F. Supp. at 1297. Plaintiffs have incurred taxable costs in the amount of **$571.60**. [See **Exhibit 4**, itemizing cost disbursements.]

### III.  CONCLUSION — DEFAULT JUDGMENT SHOULD BE ENTERED.

Plaintiffs respectfully move this Court for entry of default judgment ordering that:

A. Defendants, their agents, servants, employees, and all persons acting under their permission and authority, or in active concert or participation with any of them, be permanently enjoined from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

---

[3] The court in Milene reasoned: "The defendants have deliberately and knowingly infringed upon plaintiffs' copyrights; and subsequent to such infringement, have forced the plaintiffs to engage lawyers and to resort to the courts to enforce their proprietary interests in the copyrights. The defendants, in the Court's view, have come forward with no justification for their actions, nor any colorable grounds whatever upon which defense or mitigation could be predicated. The Court believes that this litigation fairly cries out for an award of attorneys' fees." 551 F. Supp. at 1297-98.

1       B.      Defendants pay statutory damages in the amount of $27,000.00, i.e. $3,000.00 for each of the nine acts of infringement, pursuant to 17 U.S.C. § 504(c);

      C.      Defendants pay Plaintiffs' attorneys' fees in the amount of **$6,094.50** and Plaintiffs' costs in the amount of **$571.60**, pursuant to 17 U.S.C. § 505;

      D.      Defendants pay interest on these awards pursuant to 28 U.S.C. § 1961.

DATED this 17th day of February, 2012.

                                            GALLAGHER & KENNEDY, P.A.

                                            By   /s/ Mark Deatherage
                                                    Mark Deatherage
                                                    2575 East Camelback Road, Suite 1100
                                                    Phoenix, Arizona 85016-9225
                                                    Attorneys for Plaintiffs

6782-38/2956410

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of February, 2012, I electronically transmitted a PDF version of this document to the Clerk of the Court, using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

N/A

s/ Carolyn Sullivan