# EXHIBIT 3

## AFFIDAVIT OF COUNSEL

Mark Deatherage, attorney for Plaintiffs in this action, submits this Affidavit under oath, pursuant to Local Rule 54.2(d)(4).

1.     I am the attorney for Plaintiffs in this action.  I am a shareholder with Gallagher & Kennedy, P.A.  I have been practicing law in the field of commercial and business litigation since 1985, including litigation in the areas of copyright, trademark, and patent infringement.  I have been representing Broadcast Music, Inc. ("BMI") since the late 1980's on its music copyright infringement cases in Arizona, and have handled almost 50 such cases for BMI over the years.

2.     I do not recall whether I obtained a written fee agreement with BMI when I moved to Gallagher & Kennedy in 1992, and we have not been able to locate one.  BMI has always paid our invoices at my standard hourly rate in effect each year.  Our engagement in each case commences with a standard letter from BMI, in which a BMI in-house attorney describes the basic facts regarding the defendants, the establishment, and the songs infringed, provides its file materials, and asks me to undertake the representation.  Although that letter may be viewed as a document evidencing our engagement, it is not a typical engagement agreement, and it constitutes a privileged communication.  BMI has paid our invoices in this case on a regular monthly basis.

3.     My hourly rate on this file has been $495/525 per hour.  Based on my experience in commercial litigation in the Phoenix area, my review of fee information for other attorneys in the Phoenix market that comes to my attention from time to time, and the fact that a significant number of clients retain us at our standard hourly rates, I believe my hourly rate on this case is reasonable, justified, and commensurate with comparable hourly rates charged for attorneys with similar experience and expertise.  This is particularly the case given my experience in handling a large number of BMI copyright infringement cases over approximately twenty plus years, which enables me to handle them very efficiently, as I am familiar with the law, the basic facts of each case, and BMI's forms, procedures, and settlement policies, and need little time to get up to speed.

4.      Plaintiffs' attorneys' fees through February 15, 2012 are $3,994.50. I estimate an additional $2,100 (4 hours) has been and will be incurred in taking this through entry of judgment, for a total of **$6,094.50**. An itemized statement of time and fees incurred, broken down by day and by task, is attached as Exhibit 4 to Plaintiffs' Motion for Default Judgment. The tasks and activities that have been performed include:

- Evaluation of file materials from BMI.
- Work on Complaint, related initial filings, and service.
- Application for entry of default against Defendants.
- Preparation of motion for default judgment.
- Communications with client(s).
- Bill of costs and this affidavit for attorneys' fees.
- Prepare and lodge form of judgment.

5.      Plaintiffs have incurred taxable costs in the amount of **$571.60**, including the filing fee of $350 plus $221.60 incurred for efforts at service of process. [See Exhibit 4 to Motion for Default Judgment, "Disbursements."]

6.      I have reviewed each of our invoices, and the itemized statement attached as Exhibit 4 to the Motion for Default Judgment. I do not believe there is any duplicative, unnecessary, or unwarranted time. All of the time spent was reasonable and necessary under the circumstances of this case.

Mark Deatherage

STATE OF ARIZONA          )
                          ) ss.
County of Maricopa        )

SUBSCRIBED AND SWORN TO, before the undersigned notary, this 17th day of February, 2012, by Mark Deatherage.

CAROLYN SULLIVAN
NOTARY PUBLIC -- ARIZONA
MARICOPA COUNTY
My Commission Expires
May 18, 2013

Notary Public

2956575

2